# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:17-cv-2561-RM-KMT

PWD, Inc. d/b/a Pacific West Development,

　　*Plaintiff*,

　　*v.*

The Travelers Indemnity Company of America,

　　*Defendant*.

___

# ORDER
___

　　Following alleged hail damage to its commercial properties, Plaintiff brought this diversity matter seeking statutory and contractual damages for Defendant's alleged unreasonable delay and denial of timely insurance benefits payments. (*See generally* Am. Compl., ECF No. 5.) At the parties' joint request, the Court stayed this matter pending completion of Plaintiff's demanded appraisal under the insurance policy at issue. (ECF No. 21.) While the parties originally insisted that the appraisal would "be completed within [ ] two to three months," they have reached a standstill, and Defendant now moves the Court to appoint an umpire to settle the difference between the figures reached by the parties' respective appraisers, as procedurally provided for in the relevant insurance policy. (Motion, ECF No. 23; *see also* Policy, ECF No. 12-1, at 48.) Naturally, but uneconomically, the parties and their respective appraisers have provided lists of individuals who they deem best suited for the umpire role, but they cannot agree on any one individual to serve—leaving this task to the Court. (*See generally* Motion; Response, ECF No. 25; Reply, ECF No. 27.)

With respect to the appraisal process, the Policy provides:

> If [the insured and insurer] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire.

(Policy, ECF No. 12-1, at 48.) The Policy requires no qualifications or characteristics of a selected umpire. As recounted in the Motion, Defendant's appraiser offered Plaintiff's with four choices—all persons with extensive structural engineering and/or construction experience. (Motion at 2; *see also* Resumes of Peter Marxhausen, Carl F. Mangone, Chris Warlow & Brian Schupbach, ECF Nos. 23-1, 23-2, 23-3, 23-4.) On the other hand, Plaintiff's appraiser provided thirteen names—all out-of-state except for Laura Haber, who has pleaded *nolo contendere* to second degree grand theft (ECF No. 23-6, at 50) and will not be selected by this Court, and Richard Meyers, an experienced mediator (ECF No. 25-2).

Plaintiff attempts to undermine the Motion in two ways, neither of which calls into question the capability of Defendant's appraiser's choices. Plaintiff first questions, without any concrete basis, this Court's jurisdiction to appoint an umpire. (Response at 1.) But there is no doubt the Court has that power. *See, e.g.*, *Owners Ass'n of Bella Vista Villas, Inc. v. Owners Ins. Co.*, No. 16-CV-1018-WJM-NYW, 2017 WL 6054887, at *3 (D. Colo. Dec. 7, 2017) ("Certainly, the Court might choose to grant a request to select an umpire, and in many cases that would be a reasonable exercise of the Court's powers and jurisdiction, in service of the 'just, speedy, and inexpensive determination' of the cases before it.") (citing Fed. R. Civ. P. 1 & 7(b)).

Next, Plaintiff insinuates that Defendant has not established that either appraiser has requested that the selection be made by a judge. (Response at 1.) While Defendant has indeed not provided in its Motion any direct evidence of the appraisers' disagreement, the Response does not quibble with the truth of Defendants' representations, and instead narrowly limits its argument to support selection of Richard Meyers, who has previously acted as an umpire on property insurance disputes. (Response at 2; Meyers Resume, ECF No. 25-3.) However, it is unclear whether Meyers has any experience related to roof repair or hail damage.

Upon review of the candidates advanced by the parties, the Court finds Christopher C. Warlow suitable to serve as umpire based on his certification in roof repair and maintenance and thirteen years of experience as an executive consultant in roof damage evaluations and costs estimates related to, among other things, hail damage. Therefore:

1) The Motion (ECF No. 23) is **GRANTED**.

2) It is **ORDERED** that Christopher C. Warlow shall be appointed to serve as umpire of the parties' appraisal disagreement.

3) The entire action remains **STAYED** pending completion of the appraisal process.

4) As set forth in the Court's previous Order (ECF No. 21), within 14 days of the completion of the appraisal process, the parties shall jointly file a status report advising the Court as to how they wish to proceed.

DATED this 20th day of March, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge